UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHANNA BURKE, in her individual capacity and as parent and natural guardian of AIDAN BURKE, and AIDAN BURKE, in his individual capacity,<br><br>*Plaintiff,*<br><br>vs.<br><br>COMMUNITY OPTIONS GROUP HOME, INC., et al,<br><br>*Defendants.* | Civil Action<br><br>1:23-cv-22194-CPO-AMD<br><br>**DEFENDANT COMMUNITY OPTIONS, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**I.**

**ANSWER**

**PRELIMINARY STATEMENT**

Defendant Community Options, Inc. i/p/a Community Options Group Home, Inc. ("Defendant" or "Community Options"), upon information and belief, states the following in Answer to the Second Amended Complaint:

1. The allegations contained in Paragraph 1 are not directed against this defendant, so no response is made thereto except to admit that Mr. Burke is an adult with intellectual disabilities and medical conditions.

1

2. This defendant denies Paragraph 2 that Mr. Burke currently resides in a Community Options residential program though it admits that Mr. Burke previously did so.

3. The allegations contained in Paragraph 3 are not directed against this defendant, so no response is made thereto except to admit that Mr. Burke is an adult with intellectual disabilities and various medical conditions.

4. This defendant denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are not directed against this defendant, so no response is made thereto except to admit that Ms. Burke is Mr. Burke's parent and natural guardian.

6. This defendant denies the allegations contained in Paragraphs 6 through 14.

## JURISDICTION AND VENUE

7. This defendant admits the allegations contained in Paragraph 15.

8. This defendant admits the allegations contained in Paragraph 16.

9. This defendant admits the allegations contained in Paragraph 17.

10. This defendant admits the allegations contained in Paragraph 18.

## PARTIES

11. The allegations contained in Paragraph 19 are not directed against this defendant, so no response is made thereto except to admit that Ms. Burke is Mr. Burke's parent and natural guardian.

12. The allegations contained in Paragraph 20 are not directed against this defendant, so no response is made thereto except to deny Mr. Burke currently lives in Community Options' residential group home.

13. This defendant admits the allegations contained in Paragraph 21.

14. This defendant admits the allegations contained in Paragraph 22.

15. This defendant denies the allegations contained in Paragraphs 23 through 31 except to admit the individually named defendants are or were employed by this defendant.

## FACTUAL ALLEGATIONS

16. The allegations contained in Paragraphs 32 through 37 are not directed against this defendant, so no response is made thereto except to admit Mr. Burke is an adult with intellectual disabilities and various medical conditions.

17. The allegations contained in Paragraphs 38 and 39 are denied to the extent Mr. Burke no longer resides in a Community Options residential program.

18. The allegations contained in Paragraphs 40 through 83 are denied to the extent that they are directed against this defendant.

19. The allegations contained in Paragraphs 84 through 95 are denied to the extent that they are directed against this defendant.

20. The allegations contained in Paragraphs 96 through 139 are denied to the extent that they are directed against this defendant.

21. The allegations contained in Paragraphs 140 through 151 are denied to the extent that they are directed against this defendant.

22. The allegations contained in Paragraphs 152 through 163 are denied to the extent that they are directed against this defendant.

23. This defendant admits the allegation contained in Paragraph 164.

## Count 1

24. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

25. Paragraph 166 contains a statement of law to which no response is required by this defendant except to refer all questions of law to this Court.

26. This defendant denies the allegations contained in Paragraphs 167 through 169.

## Count 2

27. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

28. Paragraph 171 contains a statement of law to which no response is required by this defendant; to the extent a response is required, the factual allegations are denied and this defendant refers all questions of law to this Court.

29. This defendant denies the allegations contained in Paragraphs 172 through 173.

## Count 3

30. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

31. Paragraph 175 contains a statement of law to which no response is required by this defendant except to refer all questions of law to this Court.

32. This defendant denies the allegations contained in Paragraphs 176 through 187.

## Count 4

33. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

34. Paragraph 189 contains a statement of law to which no response is required by this defendant except to refer all questions of law to this Court.

35. This defendant denies the allegations contained in Paragraphs 190 through 201.

## Count 5

36. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

37. Paragraphs 203 and 204 contain statements of law to which no response is required by this defendant except to refer all questions of law to this Court.

38. This defendant denies the allegations contained in Paragraphs 205 through 209.

## Count 6

39. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

40. This defendant denies the allegations contained in Paragraphs 211 through 218.

### Count 7

41. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

42. Paragraphs 220 and 221 contain statements of law to which no response is required by this defendant except to refer all questions of law to this Court.

43. This defendant admits the allegations contained in Paragraphs 222 through 224.

44. This defendant denies the allegations contained in Paragraphs 225 through 229.

### Count 8

45. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

46. This defendant denies the allegations contained in Paragraphs 231 through 233.

## Count 9

47. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

48. This defendant denies the allegations contained in Paragraphs 235 through 239.

## Count 10

49. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

50. Paragraphs 241 and 242 contain statements of law to which no response is required by this defendant except to refer all questions of law to this Court.

51. This defendant denies the allegations contained in Paragraphs 243 through 245.

## Count 11

52. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

53. Paragraphs 247 and 248 contain statements of law to which no response is required by this defendant except to refer all questions of law to this Court.

54. This defendant denies the allegations contained in Paragraphs 249 through 252.

## Count 12

55. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

56. Paragraphs 254 and 255 contain statements of law to which no response is required by this defendant except to refer all questions of law to this Court.

57. This defendant denies the allegations contained in Paragraphs 256 through 266.

## Count 13

58. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

59. This defendant denies the allegations contained in Paragraphs 268 through 273.

## Count 14

60. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

61. This defendant denies the allegations contained in Paragraphs 275 through 285.

## Count 15

62. Defendant Community Options repeats its responses set forth in the preceding paragraphs of this Answer to the Second Amended Complaint and incorporates them herein.

63. The allegations contained in Paragraphs 287 through 293 are not directed against this defendant, so no response is made thereto except to deny any allegations which may be deemed directed against it.

## Damages

64. This defendant denies the allegations contained in Paragraph 294.

**WHEREFORE,** Defendant Community Options respectfully requests that Plaintiffs' Second Amended Complaint be dismissed, with prejudice, and awarding it reasonable costs and disbursements, including reasonable attorneys' fees as may be available by law, together with such other and further relief that the Court may deem just and proper.

## II.

## <u>SEPARATE DEFENSES</u>

**First.** The claims are barred to the extent plaintiff Ms. Burke lacks standing to assert same.

**Second.** The claims are barred as this defendant acted in good faith providing services to plaintiff Mr. Burke and provided reasonable accommodations.

**Third.** The claims are barred to the extent plaintiffs were not engaged in any protected activity.

**Fourth.** New Jersey's Law Against Discrimination (LAD) does not grant plaintiff Ms. Burke an independent, enforceable right to assert causes of action against this defendant.

**Fifth.** The LAD does not impose liability upon this defendant as an employer for claims of aiding and abetting.

**Sixth.** The LAD preempts causes of action pleaded by plaintiffs under New Jersey common law which arise from the same operative facts which form the basis of any LAD claim against this defendant.

**Seventh.** The injuries and damages, if any, sustained by the plaintiffs were caused by their sole, contributory or comparative negligence and in plaintiffs' failure to make proper observations and exercise reasonable care under the existing circumstances.

**Eighth.** Plaintiffs' injuries and damages, if any, were caused by acts of third persons, entities or conditions over whom this defendant had no control and/or no duty to control.

**Ninth.** While denying any negligence on the part of this defendant, should it be adjudged otherwise, then defendant's liability should be limited as provided by the terms and provisions of the Comparative Negligence Act, N.J.S.A. § 2A:15-5.1, et seq.

**Tenth.** The damages, if any, sustained by plaintiffs are barred or otherwise limited by virtue of the New Jersey Comparative Negligence Laws, N.J.S.A. § 2A:15-5.1, et seq.

**Eleventh.** The damages, if any, sustained by plaintiffs were the result of an independent, intervening cause for which this defendant may not be held liable.

**Twelfth.** This defendant did not violate any legal duty owed by this defendant to the plaintiffs.

**Thirteenth.** This defendant did not proximately cause any injury or damage to the plaintiffs.

**Fourteenth.** This defendant cannot be held vicariously liable to the plaintiffs for acts of third persons who are not the agents, servants and/or employees of this defendant.

**Fifteenth.** This defendant cannot be held vicariously liable to the plaintiffs for acts of individuals employed by this defendant whose conduct was outside the scope of the individuals' employment.

**Sixteenth.** Community Options, Inc. is a non-profit corporation and/or charitable organization and pleads limitation of liability and immunity as afforded pursuant to the provisions of N.J.S.A. § 2A:53A-7 and 8.

**Seventeenth.** Across the different theories of liability, the Second Amended Complaint seeks legally impermissible duplication of damages.

**Eighteenth.** Defendant, Community Options, Inc. reserves the right to amend this answer upon competition of appropriate investigation and discovery.

### III.

### ANSWER TO CROSS-CLAIMS

1. Community Options, by way of Answer to the cross-claim(s) of any and all co-defendants who may be named in this matter, says:

Community Options denies any and all allegations set forth in the cross-claim(s) asserted by any and all co-defendants who may be named in this matter.

**WHEREFORE**, Community Options respectfully requests judgment dismissing any cross-claims asserted against it, with prejudice, and awarding it reasonable costs and disbursements, including reasonable attorneys' fees as may be available by law, together with such other and further relief that the Court may deem just and proper.

## IV.

## CROSS-CLAIMS

### Cross-Claim for Contribution

1. While denying any negligence on its part, Community Options, hereby asserts a cross-claim for contribution against all co-defendants named and to be named pursuant to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq.

### Cross-Claim for Indemnification

2. While denying any liability on its part to plaintiffs, Community Options, maintains that in the event they are adjudged liable for any loss, damage, or injury plaintiffs may have sustained, such liability is technical and vicarious in nature and was a result of the active culpable negligence of the co-defendant(s).

**WHEREFORE**, Community Options respectfully requests judgment granting its crossclaims and awarding it reasonable costs and disbursements, including reasonable attorneys' fees as may be available by law, together with such other and further relief that the Court may deem just and proper.

## V.

## JURY DEMAND

Community Options demands a trial by jury of twelve (12) persons as to all issues so triable.

Signed this 18th day of June, 2024.

          **HARDIN KUNDLA McKEON & POLETTO**
*Attorneys for Defendant, Community Options, Inc. i/p/a Community Options Group Home, Inc.*

***/s/ Robert E. Blanton, Jr.***
Robert E. Blanton, Jr., Esq.
673 Morris Avenue
Springfield, NJ 07081
Telephone: 973-912-5222
Facsimile: 973-912-9212
Email: rblanton@hkmpp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing papers, with supporting attachments, was served on June 18, 2024 upon the following individual via ECF filing:

Bradley R. Flynn, Esq.
**THE MONTGOMERY LAW GROUP, PLLC**
ATTORNEYS AT LAW
1420 Locust Street, Suite 420
Philadelphia, Pennsylvania 19102
(856) 282-5550
bradley@ed-law.com
*Attorneys for Plaintiffs*

**/s/*Robert E. Blanton, Jr.***
Robert E. Blanton, Jr.
