IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Johanna Burke., in her individual capacity and as parent and natural guardian of Aidan Burke., and Aidan Burke, in his individual capacity,<br>　Plaintiffs,<br><br>Vs.<br><br>Community Options Group Home, Inc., Diane D'Orazio in her individual and official capacity, Laura Winchester in her individual and official capacity, Randolph Baldwin in his individual official capacity, Falynn Basich, in her individual and official capacity, and Australia Revels, in her individual and official capacity, and Lamie Gaere, in his individual and official capacity, Natalie Holland in her individual capacity, Etienne Taylor-English, in her individual capacity, and other staff and supervisors to be named in their individual and official capacities.<br>　Defendants. | Docket No. 1:23-cv-22194 |

## AFFIDAVIT OF MERIT

I, Kathleen Dwyer, being of full age and duly sworn, upon oath do hereby state:

1. I was previously employed as a residential supervisor, who oversaw the programming, caretakers, and consumers (residents with disabilities) at the group home, Oaks Integrated Care.

2. Although N.J.A.C. § 3A:56-5.2(g)(1)-(3)(iii) does not require licensure for non-administrator group staff, I am qualified to opine on the standard of care for such staff.

3. I have been employed in group home staffing for four years. During my time in the group home industry, I have worked in the following positions: direct-support staff and residential care supervisor.

4. During my time employed in the group home industry, I have been a supervisor for the direct-support staff. I was responsible for the supervision and oversight of numerous other group home workers; scheduling; payroll; direct care; and inspection of the facilities, to name a few examples.

5. During my time in the group home industry, I had occasion to attend trainings and online courses on heat strokes, loving care for the residents, respect for their dignity, respect for their rights and personal belongings, hand-over-hand guidance, restraint training, avoidance of seclusion, and how to approach a resident or parent in distress, among other related topics. This training was ongoing throughout my employment.

6. Per N.J.A.C. § 3A:56-5.2(g)(1)-(3)(iii), I do not maintain a license. In fact, it is standard that most caretakers and related staff in a group home, including direct-support staff do not hold any professional licenses.

7. I am qualified to render an opinion regarding the subject matter of the complaint.

8. I was previously employed in a full-time capacity as a residential supervisor at Oaks Integrated Care.

9. I am familiar with the standards of care regarding the care of residents with disabilities at a group home.

10. I have reviewed the Amended Civil Complaint, which was filed by attorney Bradley Flynn.

11. I certify that I have no financial interest in the outcome of the instant litigation.

12. The standard of care required that Defendant Natalie Holland respect Mr. Burke's privacy and dignity; to keep and use his own clothes, money, and personal things; and to allow him to have a place to put his personal items, so that no one else may use them.

13. Upon information and belief, and per my review of the Amended Civil Complaint, Defendant Holland breached the standard of care by removing Mr. Burke's clothing and related personal belongings; by depriving him of his the benefits of his personal property; by denying him access to his personal property; and by, upon information and belief, removing Mr. Burke's personal property from the Group Home; and by, upon information and belief, refusing to return his personal property to him.

14. Per my review of the Amended Civil Complaint there exists reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

15. I am aware that if the within information is willfully false, I may be subject to punishment.

DATED: 08 / 16 / 2024

*Kathleen M. Dwyer*
Ms. Kathleen Dwyer

Doc ID: 55215094384d12c43669fa0b8f75972189d1d5c8

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY

| | |
|---|---|
| Johanna Burke., in her individual capacity and as parent and natural guardian of Aidan Burke., and Aidan Burke, in his individual capacity,<br>    Plaintiffs,<br><br>Vs.<br><br>Community Options Group Home, Inc., Diane D'Orazio in her individual and official capacity, Laura Winchester in her individual and official capacity, Randolph Baldwin in his individual official capacity, Falynn Basich, in her individual and official capacity, and Australia Revels, in her individual and official capacity, and Lamie Gaere, in his individual and official capacity, Natalie Holland in her individual capacity, Etienne Taylor-English, in her individual capacity, and other staff and supervisors to be named in their individual and official capacities.<br>    Defendants. | Docket No. 1:23-cv-22194 |

## AFFIDAVIT OF MERIT

I, Kathleen Dwyer, being of full age and duly sworn, upon oath do hereby state:

1. I was previously employed as a residential supervisor, who oversaw the programming, caretakers, and consumers (residents with disabilities) at the group home, Oaks Integrated Care.

2. Although N.J.A.C. § 3A:56-5.2(g)(1)-(3)(iii) does not require licensure for non-administrator group staff, I am qualified to opine on the standard of care for such staff.

3. I have been employed in group home staffing for four years. During my time in the group home industry, I have worked in the following positions: direct-support staff and residential care supervisor.

4. During my time employed in the group home industry, I have been a supervisor for the direct-support staff. I was responsible for the supervision and oversight of numerous other group home workers; scheduling; payroll; direct care; and inspection of the facilities, to name a few examples.

5. During my time in the group home industry, I had occasion to attend trainings and online courses on heat strokes, loving care for the residents, respect for their dignity, respect for their rights and personal belongings, hand-over-hand guidance, restraint training, avoidance of seclusion, and how to approach a resident or parent in distress, among other related topics. This training was ongoing throughout my employment.

6. Per N.J.A.C. § 3A:56-5.2(g)(1)-(3)(iii), I do not maintain a license. In fact, it is standard that most caretakers and related staff in a group home, including direct-support staff do not hold any professional licenses.

7. I am qualified to render an opinion regarding the subject matter of the complaint.

8. I was previously employed in a full-time capacity as a residential supervisor at Oaks Integrated Care.

9. I am familiar with the standards of care regarding the care of residents with disabilities at a group home.

10. I have reviewed the Amended Civil Complaint, which was filed by attorney Bradley Flynn.

11. I certify that I have no financial interest in the outcome of the instant litigation.

12. The standard of care required that Defendant Lamie Gaere respect Mr. Burke's privacy and dignity; to keep and use his own clothes, money, and personal things; to allow him to have a place to put his personal items, so that no one else may use them; and to refrain from retribution. The standard of care also includes abstaining from criminal conduct.

13. Upon information and belief, and per my review of the Amended Civil Complaint, Defendant Gaere breached the standard of care by removing Mr. Burke's clothing and related personal belongings; by depriving him of his the benefits of his personal property; by denying him access to his personal property; and by, upon information and belief, removing Mr. Burke's personal property from the Group Home; and by, upon information and belief, refusing to return his personal property to him.

14. Upon information and belief, and per my review of the Amended Civil Complaint, Defendant Gaere breached the standard of care by retaliating against Ms. Burke and by, upon information and belief, slashing her tire.

15. Per my review of the Amended Civil Complaint there exists reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

16. I am aware that if the within information is willfully false, I may be subject to punishment.

DATED: 08 / 16 / 2024

*Kathleen M. Dwyer*
―――――――――――――
Ms. Kathleen Dwyer

Sworn and Subscribed to:

―――――――――――――
Bradley R. Flynn, Esq.
Attorney at Law
NJ ID 173362016

Doc ID: c62c2b05425194711159b653a2b4cc788354ce17

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY

| | |
|---|---|
| Johanna Burke., in her individual capacity and as parent and natural guardian of Aidan Burke., and Aidan Burke, in his individual capacity,<br>    Plaintiffs,<br><br>Vs.<br><br>Community Options Group Home, Inc., Diane D'Orazio in her individual and official capacity, Laura Winchester in her individual and official capacity, Randolph Baldwin in his individual official capacity, Falynn Basich, in her individual and official capacity, and Australia Revels, in her individual and official capacity, and Lamie Gaere, in his individual and official capacity, Natalie Holland in her individual capacity, Etienne Taylor-English, in her individual capacity, and other staff and supervisors to be named in their individual and official capacities.<br><br>    Defendants. | Docket No. 1:23-cv-22194<br><br>CIVIL ACTION-LAW |

---

## **AFFIDAVIT OF MERIT**

I, Kathleen Dwyer, being of full age and duly sworn, upon oath do hereby state:

1. I was previously employed as a residential supervisor, who oversaw the programming, caretakers, and consumers (residents with disabilities) at the group home, Oaks Integrated Care.

2. Although <u>N.J.A.C.</u> § 3A:56-5.2(g)(1)-(3)(iii) does not require licensure for non-administrator group home staff, I am qualified to opine on the standard of care for such staff.

3. I have been employed in group home staffing for four years. During my time in the group home industry, I have worked in the following positions: direct-support staff and residential care supervisor.

4. During my time employed in the group home industry, I have been a supervisor for the direct-support staff. I was responsible for the supervision and oversight of numerous other group home workers; scheduling; payroll; direct care; and inspection of the facilities, to name a few examples.

5. During my time in the group home industry, I had occasion to attend trainings and online courses on heat strokes, loving care for the residents, respect for their dignity, respect for their rights and personal belongings, hand-over-hand guidance, restraint training, avoidance of seclusion, and how to approach a resident or parent in distress, among other related topics. This training was ongoing throughout my employment.

6. Per <u>N.J.A.C.</u> § 3A:56-5.2(g)(1)-(3)(iii), I do not maintain a license. In fact, it is standard that most caretakers and related staff in a group home, including direct-support staff, do not hold any professional licenses.

7. I am qualified to render an opinion regarding the subject matter of the complaint.

8. I was previously employed in a full-time capacity as a residential supervisor at Oaks Integrated Care.

9. I am familiar with the standards of care regarding the care of residents with disabilities at a group home.

Doc ID: b8dd59dc50aad1d4b7b5897c4a41192761dc5afd

10. I have reviewed the Amended Civil Complaint, which was filed by attorney Bradley Flynn, Esq.

11. I certify that I have no financial interest in the outcome of the instant litigation.

12. The standard of care required that Defendant Australia Revels respect Mr. Burke's privacy; dignity; respect; to allow Mr. Burke to be free from restraints, restrictive intervention, or from being isolated; to be free from physical punishment; and to be free from retribution. This standard of care includes using restraint and seclusion techniques, including false imprisonment.

13. Defendant Revels breached the standard of care by locking Mr. Burke out of the house and confining him to the bounded space of the backyard; by denying him access to his home; and by retaliating against Mr. Burke and Ms. Burke.

14. Locking a consumer out of their home and denying them reentry is contrary to the standard of care.

15. Per my review of the Amended Civil Complaint there exists reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

16. I am aware that if the within information is willfully false, I may be subject to punishment.

DATED: _____  _____
　　　　　　　　　 Ms. Kathleen Dwyer

Doc ID: b8dd59dc50aad1d4b7b5897c4a41192761dc5afd

Sworn and Subscribed to:

_____
Bradley R. Flynn, Esq.
Attorney at Law
NJ ID 173362016

Doc ID: b8dd59dc50aad1d4b7b5897c4a41192761dc5afd